IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

RICHARD A. KAVAZANJIAN,                    )
                                           )
            Plaintiff,                     )
v.                                         )        Civil Action No. 5:23-00378
                                           )
JOHN DOE, *et al.*,                        )
                                           )
            Defendants.                    )

PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is the issue as to whether Plaintiff has failed to prosecute this civil action. For the reasons explained below, the undersigned respectfully recommends that the District Court dismiss this action without prejudice.

PROCEDURE AND FACTS

On May 8, 2023, Plaintiff, acting *pro se*,[1] filed his Complaint claiming entitlement to relief pursuant to 42 U.S.C. § 1983. (Document No. 1.) As Defendants, Plaintiff names the following: (1) John Doe, Shield # Unknown, W.V.S.P.; (2) Jim Doe, Shield # Unknown, W.V.S.P.; (3) Jay Doe, Shield # Unknown, Plainclothes; (4) Investigator/B.C.I., W.V.S.P.; (5) Alan Doe, Shield # Unknown, Commanding Officer, Lewisburg Detachment, W.V.S.P.; (6) Bob Doe, Shield # Unknown, Supervisor – C.O., S.O.R./Article 12 (W.V. Code); (7) Verification Unit, Beckley and/or Charleston Detachment, W.V.S.P.; (8) Charles Doe, Shield # Unknown, Superintendent, Headquarters, W.V.S.P.; (9) Ben Morrissey, Attorney General; and (10) Jim Justice, Governor. (Id.) Although Plaintiff's Complaint contains several pages of "Factual Allegations," Plaintiff's

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

claims against the Defendants are vague and conclusory. (Id.) Specifically, Plaintiff concludes without explanation that Defendants violated his rights under the First, Fourth, Fifth, Ninth, and Fourteenth Amendments of the United States Constitution. (Id.) Plaintiff requests monetary, declaratory, and injunctive relief. (Id.)

On May 17, 2023, Plaintiff filed his letter-form Motion to Proceed In Forma Pauperis. (Document No. 6.) By Order entered on May 25, 2023, the undersigned denied Plaintiff's letter-form Motion to Proceed In Forma Pauperis as deficient. (Document No. 8.) The undersigned, therefore, directed Plaintiff "to either pay the filing and administrative fee totaling $402 or file a proper Application to Proceed Without Prepayment of Fees and Costs by **June 30, 2023**." (Id.) The undersigned specifically notified Plaintiff that "[f]ailure of the Plaintiff to either (1) pay the filing and administrative fee, or (2) file an Application to Proceed Without Prepayment of Fees and Costs by **June 30, 2023**, will result in a recommendation of dismissal of this matter without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia." (Id.) By Order also entered on May 25, 2023, the undersigned directed that Plaintiff had "until **June 30, 2023**, to amend his Complaint to specifically set forth is constitutional claims and state specific facts as to how each defendant violated his constitutional rights." (Document No. 9.) The undersigned specifically notified Plaintiff that "[f]ailure of the Plaintiff to amend his Complaint by **June 30, 2023**, will result in a recommendation of dismissal of this matter without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia." (Id.)

On July 11, 2023, Plaintiff filed a letter-form Motion for Appointment of Counsel and an Extension of Time. (Document No. 10.) By Order entered on July 13, 2023, the undersigned denied Plaintiff's Motion for Appointment of Counsel and granted Plaintiff's Motion for Extension of

Time. (Document No. 11.) Specifically, the undersigned granted Plaintiff an extension of time until September 13, 2023, to (1) file his Amended Complaint and (2) either pay the filing and administrative fee totaling $402 or file a proper Motion to Proceed Without Prepayment of Fees and Costs. (Document No. 11.) The undersigned further notified Plaintiff that "[f]ailure of the Plaintiff to either (1) file an Amended Complaint, or (2) pay the filing and administrative fee totaling $402 or file a Motion to Proceed Without Prepayment of Fees and Costs by **September 13, 2023**, will result in a recommendation of dismissal of this matter without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia." (Id.) Plaintiff, however, has not responded to the Court's Order that was entered nearly one year and seven months ago. Accordingly, the undersigned has determined that Plaintiff has failed to take any steps to prosecute this action, and therefore, Plaintiff's above action should be dismissed.

## ANALYSIS

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia, District Courts possess the inherent power to dismiss an action for a *pro se* plaintiff's failure to prosecute *sua sponte*.[2] See Link v. Wabash Railroad Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962)("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); United States ex. rel. Curnin v. Bald Head Island Ltd., 381 Fed.Appx. 286, 287 (4th Cir. 2010)("A district court has inherent authority to dismiss a case

_____

[2] Rule 41(b) of the Federal Rules of Civil Procedure provides:
> **(b) Involuntary Dismissal: Effect**. If the plaintiff fails to prosecute or to comply with these rules or any order of court, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - - operates as an adjudication on the merits.

for failure to prosecute, and Rule 41(b) 'provides an explicit basis for the sanction.'")(quoting

Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991)). Rule 41.1 of the Local Rules provides:

> **Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

Although the propriety of a dismissal "depends on the particular circumstances of the

case," in determining whether to dismiss a case involuntarily for want of prosecution, the District

Court should consider the following four factors:

> (i) the degree of personal responsibility of the plaintiff;
> (ii) the amount of prejudice caused the defendant,
> (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and
> (iv) the existence of a sanction less drastic than dismissal.

Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). The foregoing factors are not meant to be

applied as a rigid, formulaic test, but rather serve to assist the Court, along with the particular

circumstances of each case, in determining whether dismissal is appropriate. Id. In consideration

of the first factor, the Court finds no indication that anyone other than Plaintiff is responsible for

his lack of participation. Since July 11, 2023, Plaintiff has done absolutely nothing to demonstrate

an interest in prosecuting this action. The Court notes that there is no indication that forces beyond

Plaintiff's control are the cause of his neglect.[3] Thus, the undersigned concludes that Plaintiff is

solely responsible for his lack of participation in the instant action.

---

[3] The undersigned notes that it is Plaintiff's obligation to notify the Court of any change of address or other contact information. L.R. Civ. P. 83.5("A *pro se* party must advise the clerk promptly of any changes in name, address, and telephone number.").

Consideration of the second factor reveals no prejudice to the Defendants. No Defendant has not been served with process in the above case. With respect to the third factor, the Court will consider whether Plaintiff has a history of "deliberately proceeding in a dilatory fashion." The record is void of any evidence that Plaintiff has been "deliberately" dilatory. Plaintiff, however, has completely failed to take any action in these proceedings for nearly one year and seven months. This Court has determined that "only a history of dilatory action" by a plaintiff weighs in favor of dismissal under the third factor. See Hanshaw v. Wells Fargo Bank, N.A., 2014 WL 4063828, * 4 (S.D.W.Va. Aug. 14, 2014)(J. Johnston)("[A]lthough the Court lacks sufficient facts to determine whether Plaintiffs' failure to act is deliberate, in light of the absolute failure to participate in this civil action since the stay was lifted, the Court finds that [the third] factor weighs against Plaintiff.") Accordingly, the undersigned finds the above factor weighs against Plaintiff.

In consideration of the fourth factor, the Court acknowledges that a dismissal under either Rule 41(b) or Local Rule 41.1 is a severe sanction against Plaintiff that should not be invoked lightly. The particular circumstances of this case, however, do not warrant a lesser sanction. An assessment of fines, costs, or damages against Plaintiff would be unjust in view of Plaintiff's status as a *pro se* litigant. Moreover, explicit warnings of dismissal would be ineffective in view of Plaintiff's failure to respond to the Court's Order directing a response by Plaintiff. In consideration of all factors, the undersigned concludes that dismissal for failure to prosecute is warranted. Accordingly, the undersigned recommends that this action be dismissed without prejudice[4] unless Plaintiff is able to show good cause for his failure to prosecute.

**PROPOSAL AND RECOMMENDATION**

---

[4] Rule 41(b) provides for dismissal with prejudice "[u]nless the dismissal order states otherwise." The undersigned recommends dismissal without prejudice because there is no evidence that Plaintiff acted "deliberately" in his failure to prosecute or that Plaintiff initiated this action in bad faith. *See Hanshaw*, 2014 WL 4063828, at * 5.

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Plaintiff's Complaint (Document No. 1) without prejudice, and **REMOVE** this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Frank W. Volk. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Volk and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*.

Date: February 10, 2025.



Omar J. Aboulhosn
United States Magistrate Judge

6